376 June 18, 2025 No. 553

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Jose Marquez RAGA,
*Petitioner-Appellant,*

*v.*

Bianca C. CORTINAS,
*Respondent-Respondent.*

Multnomah County Circuit Court
21DR11047; A181849

Francis G. Troy II, Judge.

Submitted May 12, 2025.

Jose Marquez Raga filed the briefs *pro se*.

Bianca C. Cortinas filed the brief *pro se*.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

JOYCE, J.

Reversed and remanded for entry of judgment omitting provision that husband "shall be responsible for paying the cost *** for [wife's] airline ticket for the first two times [the child] has parenting time in New York"; otherwise affirmed.

**JOYCE, J.**

Husband appeals from a judgment of dissolution. In one assignment of error, he argues that the court erred in dividing "marital business assets," awarding wife a monetary judgment, and establishing the parenting plan that, among other things, included conflicting provisions regarding mother's travel expenses. We agree with husband's argument that the judgment is internally inconsistent regarding who will pay for wife to accompany child on future visits to New York and that the court's oral statements demonstrate that it intended wife to pay for her own travel. Accordingly, we remand for the trial court to enter a judgment that omits the provision requiring husband to pay for wife's travel, and we otherwise affirm the judgment.

*Asset distribution:* Husband and wife married in 2011 and have one child, who is 9 years old. At the outset of the trial, husband told the court that although he had received emails and notices about the trial, he "didn't read them." As a result, husband stated that he would be proceeding without witnesses or evidence. Husband testified that he and wife had already divided all of their personal property, they owned no real property, and they had divided the debts. He also explained that after he and wife separated, he received a settlement from a case that he and wife brought against their former landlord while they were still together, from which they received $32,000 after attorney fees. Husband took that money and traveled to Venezuela and provided aid to his family in the Dominican Republic. Although husband, as a result of a motion to compel, had been ordered to provide financial details around that settlement in the dissolution proceedings, he failed to do so.

The trial court concluded that the lawsuit against the landlord had been filed while the parties were married and that husband had received the settlement proceeds before the trial began (*i.e.*, when the parties were still married). As a sanction for failing to comply with the order to compel, the trial court, "under ORCP 46(d), * * * allow[ed] [wife] to raise the issue at [the] hearing," and granted wife half of the settlement amount, or $16,000, plus interest. The

court did not distribute any other marital or business assets, accepting husband's representations that there were none.

On appeal, husband contends that the trial court erred in failing to distribute marital assets in a "just and proper" manner, ORS 107.105(1)(f). He first contends that wife never disclosed "all assets" as required by ORS 107.105(1)(f)(F). Husband never raised that issue below, the trial court never had an opportunity to consider it, and we do not consider it on appeal. Moreover, husband's position is inconsistent with his testimony that the parties had already divided personal property and debts and had no real property.[1]

Husband next argues that the portion of the settlement award that the court granted to wife was in error. His argument on appeal appears to be that it was unfair to award wife any part of that settlement because it creates a financial hardship on husband.[2] His argument does not explain why the court erred in concluding that the settlement was received during the marriage and thus was subject to division. On appeal, then, there is no basis to reverse the trial court's ruling that husband must pay wife half of the settlement amount.[3]

*Parenting time:* Husband lived in New York and wife in Oregon. Husband testified that he was "happy" with the existing visitation and video call schedule but that he would like "seven days uninterrupted" visitation in Oregon. However, he was not able to commit to coming to Oregon and hoped to know whether he could do so as soon as possible. He told the court that he would pay for the child's travel to New York, but not for wife's travel expenses. For her part, wife said that she was open to husband having

---

[1] To the extent that husband asks us to reopen the record under ORS 107.452 based on discovery of "significant assets" following dissolution, we decline to do so. Any motion under that statute must first be filed in the trial court.

[2] It may be that husband believes that because the settlement was received after the date of separation, he was entitled to the entire amount as a matter of law. He did not make that argument below, however, and we do not address it here.

[3] In her answering brief, wife argues that the trial court awarded the portion of the settlement as part of the sanction. Based on the record, however, we do not understand the award itself to be part of the sanction.

visitation, and she requested full legal custody. The child had an appointed attorney who submitted a proposed parenting time plan on behalf of the child. Wife agreed with the parenting plan proposal with the exception of the proposal that husband visit the child in Oregon for seven consecutive nights, because the child had never spent that many nights with husband. Wife agreed with the seven days of visits but asked that there be a break in the overnights until the child had built up enough comfort with seven consecutive nights.

The court granted wife legal custody with parenting time for husband. In its oral ruling, the court ruled that for visits taking place in Oregon, husband was entitled to seven days of visitation but for the first of those visits, husband would have four overnights; for subsequent Oregon-based visits, husband would have seven consecutive overnight visits. Once husband had two visits in Oregon two years in a row, the visits could move to New York. For the first two of those New York visits, wife—at her own expense—was to fly with the child and stay in New York to be available for the child to ensure that he felt comfortable; for subsequent New York visits, the child could fly there as an unattended minor.

In its written order, however, with respect to the payment of the wife's expenses to travel to New York, the trial court included inconsistent requirements. It first stated—consistent with its oral ruling—that wife, "at her own expense," would travel with the child to New York. Later in the judgment, however, the trial court stated that husband "shall be responsible for paying the cost to fly [the child] to New York and for [wife's] airline ticket for the first two times [the child] has parenting time in New York."

Husband on appeal notes that discrepancy and asks that we reverse the portion of the order that requires him to pay wife's travel expenses. We agree. During the trial, husband objected to paying for wife's expenses, the trial court observed that wife was not making that request, and the court orally ruled that wife would pay for her own expenses. It likewise included that requirement in the judgment. In light of the ambiguity in the judgment—in the form of two provisions that directly conflict—we remand for the trial court to modify the judgment by removing the requirement

for husband to pay wife's travel expenses. *See Wright v. Lutzi*, 326 Or App 29, 33, 530 P3d 517 (2023) (an appellate court can resolve an inconsistency in a judgment by reference to the court's oral ruling).

As to husband's remaining arguments with respect to parenting time, we conclude that they are unpreserved. Husband never requested visitation beyond that described above, and his request that we order specific periods of visitation during winter and summer breaks was not raised to the trial court. Husband does not meaningfully engage with the trial court's conclusions as to the various factors that informed the court's ruling about custody and parenting time, and we therefore decline to disturb the trial court's ruling beyond the modification of husband not being required to pay for wife's travel to New York.

Reversed and remanded for entry of judgment omitting provision that husband "shall be responsible for paying the cost *** for [wife's] airline ticket for the first two times [the child] has parenting time in New York"; otherwise affirmed.